J-S86029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

L.L.

      v.

J.R.

             Appellant

      v.

J.A.

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 993 WDA 2016

Appeal from the Order April 15, 2016
In the Court of Common Pleas of Mercer County
Civil Division at No(s): 2008-2899

BEFORE:  GANTMAN, P.J., MOULTON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MOULTON, J.:         **FILED DECEMBER 29, 2016**

J.R. appeals, *pro se*, from the April 15, 2016 order of the Mercer County Court of Common Pleas granting sole legal custody of J.R.R. ("Child") to L.L. and granting partial physical custody to J.R.  We affirm.

J.R. and L.L. are former domestic partners and the parents of 15-year-old Child.  The trial court set forth the lengthy procedural and factual history of this case[1] in its April 15, 2016 custody order, which we adopt and

---

[*] Former Justice specially assigned to the Superior Court.

[1] The parties have been litigating this custody matter since 2008, including three appeals to this Court.

incorporate herein. ***See*** Findings of Fact, Conclusions of Law & Order, 4/15/16, at 1-17 ("Trial Ct. Order").

In this appeal, J.R. raises the following issues:

A. Did the Court err in ordering sole legal custody to [L.L.]?

B. Did the Court err in removing [J.R.] from all access to the minor child's academic, social, medical, and therapeutic support services while making it impossible for the parties to co-parent as a family unit with no direct structures?

C. Did the Court err in not taking into consideration the Guardian ad litem's recommendations as being beneficial?

J.R.'s Br. at 7 (suggested answers omitted).[2]

We review a trial court's custody order for an abuse of discretion. In doing so,

> [w]e must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual

---

[2] The issues listed in J.R.'s statement of questions involved differ from the issues presented in the summary of argument and argument sections of her brief. In fact, J.R. does not specifically address the second and third issues in her argument section. In any event, all three issues essentially challenge whether the trial court properly granted L.L. sole legal custody of Child. Even if J.R. had properly argued her second and third issues, we would affirm on the basis of the trial court's Pennsylvania Rule of Appellate Procedure 1925(a) opinion, which we adopt and incorporate herein. ***See*** Rule 1925 Opinion, 8/12/16, at 1-8.

findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*D.K. v. S.P.K.*, 102 A.3d 467, 478 (Pa.Super. 2014) (quoting *J.R.M. v. J.E.A.*, 33 A.3d 647, 650 (Pa.Super. 2011)).

Section 5328(a) of the Child Custody Act delineates 17 factors that a trial court must consider when awarding any form of custody. *See* 23 Pa.C.S. § 5328(a). Here, the trial court separately addressed each factor in its custody order and explained why the majority of the factors weighed in favor of granting sole legal custody to L.L. *See* Trial Ct. Order at 19-29.[3] We agree with and adopt the trial court's reasoning.

At the conclusion of its order, the trial court further explained:

What is . . . clear to the Court from years of litigation between the parties is that the shared legal and/or physical custody arrangement between the parties would be totally adverse to the well-being of this child. The guardian ad litem clearly documented how the stress and anxiety levels of this child increase because of the conflict between [L.L.] and [J.R.], which the Court finds is primarily precipitated by [J.R]. The Court also finds that the only hope for this child to achieve growth in her medical, mental and social condition is to have one person solely in charge of all decisions pertaining to her well-being. [J.R.] has already demonstrated throughout the prior eight years that her methods and approach have not worked and in fact have been detrimental to this child. Thus, the Court finds that it is in the best interest of this minor child that [L.L.] have full legal and physical custody

---

[3] Although the trial court did not specifically discuss section 5328(a)(2.1), relating to child abuse and the involvement of child protective services, that factor was not relevant to this case. *See* Trial Ct. Order at 20.

of her and that the involvement of [J.R.] be kept to a minimum because of her overpowering influence and control of [Child], and the battles she has created over the years, all to [Child's] detriment.

*Id.* at 29. We conclude that the record supports the trial court's decision to award L.L. sole legal custody of Child.

Order affirmed.[4]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/2016

---

[4] In the argument section of her brief, J.R. also asserts that the trial court failed to promptly issue its custody decision in violation of Pennsylvania Rule of Civil Procedure 1915.4(d). However, because J.R. failed to raise this issue in her Pennsylvania Rule of Appellate Procedure 1925(b) statement or in her statement of questions involved, it is waived. *See Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) ("Any issues not raised in a 1925(b) statement will be deemed waived."); Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").